IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:08-CR-4-FL
NO. 4:11-CV-74-FL

| | |
|---|---|
| THERON JERMAINE THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-84) Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-81). Petitioner has responded to this motion (DE's 87, 93-96) and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-84) be GRANTED and that Petitioner's Motion to Vacate (DE-81) be DENIED.

**I. Background**

Petitioner was charged in a five count indictment with, *inter alia*, conspiring to distribute and possess with the intent to distribute more than 50 grams of cocaine base ("crack") on January 9, 2008. (DE-1). Mr. James M. Ayers II entered a notice of appearance on Petitioner's behalf on May 13, 2008. (DE-31). On September 11, 2008, Petitioner pled guilty, without a plea

1

agreement, to all five counts in the indictment. (DE-60).

During Petitioner's hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure the following testimony occurred:

> THE COURT: Have you had any difficulty talking to Mr. Ayers or understanding your lawyer's remarks to you?
>
> THE DEFENDANT: No, ma'am, I guess not.
>
> THE COURT: Are you satisfied with his services to you in this case?
>
> THE DEFENDANT: Somewhat, yes, ma'am.
>
> THE COURT: Do you have any question or issue that you want to bring before me that bears on that?
>
> THE DEFENDANT: No, ma'am . . .
>
>  . . . THE COURT: All right. Again, I'll ask you, are you fully satisfied with the services of Mr. Ayers to you in this case?
>
> THE DEFENDANT: Yes, ma'am . . .
>
>  . . . THE COURT: Now, I know there's no plea agreement, but I need to ask you some questions. Has anybody made any promise to you or given you any kind of assurance as to how this case is going to turn out if you came into Court and pleaded guilty today?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Has anybody forced you to change your plea to guilty?
>
> THE DEFENDANT: No, ma'am . . .
>
>  . . . THE COURT: Are you pleading guilty of your own free will because you're, in fact, guilty of these crimes?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. Now, standing as you are, you still have the right to plead not guilty, to persist in that plea, to make the government go forward to trial, to prove you guilty beyond a reasonable doubt as to each of these offenses. But, if I accept your plea and adjudge you guilty, you're not going

2

       to have that right.

       Do you understand?

       THE DEFENDANT: Yes, ma'am . . .

       . . . THE COURT: Have you been truthful in all of your answers?

       THE DEFENDANT: Yes, ma'am.

       (DE-70, pg. 8, 11, 13-16).

On December 4, 2008, the United States Probation Office submitted a Pre-Sentence Report ("PSR") (DE-61). The PSR identified several objections raised by Mr. Ayers, as well as the Probation Officer's rebuttal to those objections. *Id.* at 16-17. Specifically, Mr. Ayers objected to: 1) the drug quantities attributed to Petitioner and the resulting base offense level computation; 2) the two-level enhancement for possession of a firearm applied to Petitioner; and 3) the three-level role adjustment enhancement applied to Petitioner. *Id.* Mr. Ayers also argued that Petitioner was entitled to a three-level reduction for acceptance of responsibility. *Id.*

Petitioner's sentencing hearing was conducted on December 11, 2008 (DE-62, 69). During this hearing, Petitioner's offense level was reduced due to acceptance of responsibility. In addition, the Government offered testimony which detailed: 1) the drug weight assigned to Petitioner; 2) Petitioner's possession of firearm during this offense, and 3) Petitioner's supervisory role in this conspiracy. (DE-69, pg. 7-20). Specifically, the Government called Sgt. Willie Wilcutt of the New Bern Police Department to testify as to these matter. *Id.* Mr. Ayers competently cross-examined Sgt. Wilcutt. *Id.* at 16-19. After cross-examining Sgt. Wilcutt, Mr. Ayers competently argued on behalf of his client. *Id.* at 25-29, 33. After advancing several

3

legitimate arguments, counsel contended that a sentence at the "bottom of the guidelines"[1] was appropriate. *Id.* at 33. (DE-69, pg. 4-5). Ultimately, the Court sentenced Petitioner to, *inter alia*, a term of imprisonment of 320 months.

A Notice of Appeal was filed on behalf of Petitioner by Mr. Ayers on December 18, 2008 (DE-65). On December 1, 2009 the Fourth Circuit affirmed Petitioner's conviction and sentence. (DE-75). In doing so, the Fourth Circuit also reviewed the entire record in accordance with Anders v. California, 386 U.S. 738 (1967). After conducting this review, the Fourth Circuit found no meritorious issues for appeal. The United States Supreme Court denied Petitioner writ of certiorari on May 3, 2010. (DE-81, pg. 3). Finally, Petitioner filed his Motion to Vacate on May 9, 2010. (DE-81).

## II. Legal Standards

### A. Motion to Dismiss

Respondent has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a [claim] . . . " Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[1] The guideline range for Counts 1, 2, 3 and 5 was 292-365 months. Count 4 had a statutory maximum of 240 months. (DE-69, pg. 5).

4

the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. A claim may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." Id. at 1947-1951 (quotations omitted).

Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## B. 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

"In a §2255 proceeding, the burden is on the petitioner to prove his allegations by a preponderance of the evidence, not on the government to disprove them." Abdul-Aziz v. United States, 2008 WL 4238943, *5, fn. 4 (N.D.W.Va. Spt. 12, 2008)(*citing* Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006)). See also, Miller v. United States, 261 F.2d 546, 547

(4th Cir. 1958) (stating that during a "proceeding under 28 U.S.C. § 2255 . . . the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . .").

**C.   Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings " carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In Tollett, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pled guilty. The Supreme Court held that, "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." Id. at 266-67. Thus, in a collateral attack, petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. Id.

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed. Specifically:

> [A] defendant's solemn declarations in open court . . . carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy . . . Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always

6

> palpably incredible and patently frivolous or false . . . Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated – permitting quick disposition of baseless collateral attacks.
>
> U.S. v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005)(internal citations and quotations omitted)

**D.  Ineffective Assistance of Counsel**

In his Motion to Vacate, Petitioner asserts that he received ineffective assistance of counsel.  To establish a claim of ineffective assistance, Petitioner must satisfy two well-established requirements.  First, he "must show that counsel's representation fell below an objective standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 688 (1984).  *See also*, Satcher v. Pruitt, 126 F.3d 561, 572 (4th Cir. 1997), *cert. denied* 522 U.S. 1010 (1997).  Review of counsel's performance in this regard is highly differential.  Strickland, 466 U.S. at 689. "[C]ounsel are afforded a strong presumption that their performance was within the extremely wide range of professionally competent assistance." Baker v. Corcoran, 220 F.3d 276, 293 (4th Cir. 2000).  The Fourth Circuit further clarified that "competency is measured against what an objectively reasonable attorney would have done under the circumstances." *Id.*

Second, petitioner must also demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  *See also*, Satcher, 126 F.3d at 57.  A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. However, "an analysis focusing solely on mere outcome determination . . . is defective . . ." Lockhart v. Fretwell, 506 U.S. 363, 369 (1993). Instead, a proper prejudice analysis must consider "whether the result of

7

the proceeding was fundamentally unfair or unreliable." *Id.* As a result, a court may not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." *Id.* at 369-70.

### III. Analysis

Petitioner asserts that his trial counsel was ineffective: 1) "for not challenging the erroneous drug amount"; 2) "for failing to challenge drug amounts that were attributed to [Petitioner] but fell outside the scope of the conspiracy" ; and 3) "for giving affirmative false information to petitioner, coercing his plea." (DE-81, pg. 4-8). These claims are without merit.

First, the undersigned has reviewed the entire record, including counsel's objections to the PSR (DE-61) and the argument presented by counsel during Petitioner's sentencing hearing (DE-69). Based on this review, the undersigned concludes that counsel's representation of Petitioner was objectively reasonable.

Moreover, Petitioner misstates the record. In his first two claims Petitioner argues that counsel failed to challenge various drug amounts attributed to Petitioner at sentencing. As noted above, however, Mr. Ayers specifically challenged these amounts both in the PSR and at Petitioner's sentencing hearing. Petitioner's contention that Mr. Ayers failed to do so is simply false.

Likewise, Petitioner's third claim-that Mr. Ayers provided him with false information and coerced his plea-contradicts his sworn statements at his Rule 11 hearing. In support of this claim, Petitioner asserts that Mr. Ayers "did no investigation to ascertain the facts in support of the Government's case" and that Mr. Ayers "supplied . . . [him] false information which led to a coerced plea of guilty . . ." (DE-87, pg. 4, 12). He further contends that he pled guilty "because of the pressure his family members had brought to bear upon him . . ." *Id.* at pg. 12. Because

8

these allegations contradict Petitioner's prior sworn testimony, the undersigned deems them "palpably incredible" and "patently frivolous." Lemaster, 403 F.3d at 221-222.

In short, Petitioner's claims are without merit because he has failed to demonstrate that counsel's representation fell below an objective standard of reasonableness.

**IV. Conclusion**

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-84) be GRANTED and that Petitioner's Motion to Vacate (DE-81) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, December 07, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE