IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:08-CR-4-FL-1
4:11-CV-74-FL

| | |
|---|---|
| THERON JERMAINE THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 81) and respondent's motion to dismiss (DE # 84). Also before the court are respondent's motion to strike petitioner's discovery requests (DE # 102), petitioner's motion to supplement his § 2255 petition (DE # 107), petitioner's motion to compel (DE # 109), and petitioner's motion to amend (DE # 111). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum (DE # 97) recommending that respondent's motion to dismiss be granted, and that petitioner's § 2255 petition be denied. Petitioner timely filed objections to the memorandum and recommendation ("M&R"). Respondent did not respond to petitioner's objections or his pending motions. Petitioner did not respond to respondent's motion to strike. For the reasons that follow, the court rejects petitioner's objections to the M&R and dismisses petitioner's § 2255 petition. The court also denies as moot respondent's motion to strike and denies the remaining pending motions.

## STATEMENT OF THE CASE

On September 11, 2008, petitioner entered a plea of guilty, without a written plea agreement, to conspiracy to distribute and possess with the intent to distribute more than fifty (50) grams of cocaine base (crack) and possession with the intent to distribute five grams or more of cocaine base (crack). On December 11, 2008, the court sentenced petitioner to a three hundred twenty (320) month term of imprisonment. Petitioner subsequently, through counsel, filed a notice of appeal, and the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence.

Petitioner filed his § 2255 petition on May 9, 2011, asserting that he received ineffective assistance of counsel. On June 21, 2011, respondent filed a motion to dismiss, which was fully briefed.

On November 28, 2011, the court referred the matter to the magistrate judge. On December 7, 2011, the magistrate judge issued a M&R, finding that petitioner's claims are without merit, and recommended that petitioner's § 2255 petition be dismissed. The court subsequently allowed petitioner an extension of time to file his objections to the magistrate judge's M&R, and petitioner timely filed his objections on January 23, 2012. Respondent subsequently filed a motion to strike petitioner's discovery requests. Petitioner then filed a motion to supplement, a motion to amend, and a motion to compel.

## DISCUSSION

A.  Petitioner's Motion to Compel/Respondent's Motion to Strike

Petitioner, in his motion to compel, states as follows:

> Petitioner compels this honorable court for a copy of the notice of removal from a state court filed in the District Court of the United States for the District and Division within which such action was pending a notice of removal signed pursuant to Rule 11 of the Federal

2

> Rules of Civil Procedure and contains a short and plain statement of
> the grounds for removal, together with a copy of all process,
> pleadings, and orders served upon petitioner in this action.

Pet.r's Mot. to Compel p. 1. In response, respondent requests that the court strike petitioner's discovery requests because he has not obtained permission to conduct discovery from this court.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery." Rules Governing § 2255 Cases, Rule 6(a). "A party requesting discovery must provide reasons for the request." Id., Rule 6(b); see United States v. Williams, 892 F.2d 75, *3 (4th Cir. Dec. 11, 1989) (finding the district court did not abuse its discretion in refusing to supply the petitioner with the requested discovery material because he failed to demonstrate a particularized need). In this case, petitioner has not established good cause for the discovery materials he requests. Therefore, petitioner's motion is DENIED. The court informs petitioner that he may request copies of documents in the Clerk of Court's custody directly from the Clerk of Court's office along with payment, at the rate of fifty cents ($.50) per page. Because the court denied petitioner's motion to compel, respondent's motion to strike is DENIED as moot.

B.      Motions to Supplement or Amend

Petitioner's motions to supplement and/or amend pursuant to Federal Rule of Criminal Procedure 15(c) request that the court allow him to pursue a claim based upon the United States Supreme Court's decision in DePierre v. United States, 131 S.Ct. 2225 (2011). The Court in DePierre held that "the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form." Id. at 2237.

3

Here, petitioner pleaded guilty to conspiring to distribute and possess with the intent to distribute more than fifty (50) grams of cocaine base (crack) and possession with the intent to distribute five grams or more of cocaine base (crack). The fact that the Court in DePierre clarified that the term "cocaine base" also includes "cocaine in its chemically basic form" is irrelevant to petitioner's action. Petitioner has not provided any grounds justifying relief pursuant to DePierre. Thus, the court DENIES petitioner's motions to supplement/amend as moot. See, e.g., Smith v. United States, No. 3:10-1398, 2012 WL 5987543, at *2 (S.D.W. Va. Nov. 29, 2012) ("In this case, Movant admitted to conspiring to distribute 50 grams or more of crack cocaine so the fact that the United States Supreme Court [in DePierre] clarified that 'cocaine base' also includes 'cocaine in it chemically basic form' is immaterial to this case.")

C.  Motion to Dismiss

    1.  Standard of Review

        a.  28 U.S.C. § 2255

Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, which requires a petitioner asserting constitutional error to prove that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

4

b.  Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted).

c.  Referral to Magistrate Judge

The court may "designate a magistrate judge to . . . submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule, EDNC 72.4(b). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed

5

objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

2. Analysis

Petitioner objects to the magistrate judge's recommendation that his ineffective assistance of counsel claims be denied. Generally, a claim of ineffective assistance of counsel is resolved by application of the widely accepted two-part analysis announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must demonstrate that his counsel's acts or omissions fell outside the range of reasonably competent assistance. Id. at 690. If petitioner establishes this initial burden, he must then satisfy Strickland's second prong by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Where, as here, petitioner alleges ineffective assistance of counsel following the entry of a guilty plea, he must show that he would not have pleaded guilty and would have insisted on going to trial but for counsel's errors. See Hill v. Lockart, 474 U.S. 52, 53-59 (1975).

a. Failure to Challenge Errors in Sentence Calculation

In his first and second ineffective assistance of counsel claims, petitioner asserts that his counsel failed to object to the alleged erroneous drug amounts and failed to challenge the drug amounts that were attributed to him but fell outside of the scope of the conspiracy. The magistrate judge correctly found that the record belies petitioner's claims because it reflects that petitioner's counsel specifically challenged the respective drug amounts attributable to him both in the pre-sentence investigation report ("PSR") and at the sentencing hearing. Thus, petitioner is unable to satisfy the objective prong of the Strickland test.

6

Petitioner additionally does not provide any evidence to support the prejudice prong of the Strickland test for this claim. In particular, petitioner has not specifically stated which objections his attorney should have raised, but failed to raise. Nor has petitioner provided any evidentiary support for his allegations.[1] Because petitioner is unable to satisfy either prong of the Strickland test, the magistrate judge correctly found that these ineffective assistance of counsel claims are without merit.

      b.      Counsel's Misrepresentations

In his third ineffective assistance of counsel claim, petitioner alleges that his counsel provided him with false information, which in turn, coerced his guilty plea. In support, petitioner asserts that his attorney erroneously advised him that he was accountable for 13.5 kilograms of crack, which would result in an automatic life sentence if he went to trial and lost. Petitioner additionally asserts that his counsel erroneously advised him that, if he went to trial, he would be given a three point enhancement for obstruction of justice. Finally, petitioner asserts that his counsel advised him that he would receive a ten (10) to fifteen (15) year term of imprisonment if he plead guilty.

Absent clear and convincing evidence to the contrary, a defendant is bound by statements he made at a plea hearing, and such representations can present formidable barriers to post-conviction relief. Little v. Allsbrook, 731 F.2d 238, 240 (4th Cir. 1984); Blacklege v. Allison, 431 U.S. 63, 73-74 (1977). In the absence of "extraordinary circumstances," a district court should dismiss, without a hearing, "any § 2255 motion that necessarily relies on allegations that contradict

---

[1] The court notes that petitioner alleges that his counsel should have objected to the drug amounts attributable to him pursuant to United States v. Rico, 52 F.3d 58 (4th Cir. 1995). The basis of this argument, however, is unclear to the court.

the sworn statements" made during a Rule 11 plea colloquy. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

As found by the magistrate judge, petitioner's testimony at his Rule 11 plea hearing contradicts his assertions that his attorney provided him with false information and coerced his guilty plea. Moreover, petitioner was cautioned at his Rule 11 hearing, prior to pleading guilty, that his attorney could only provide his "best guess" with respect to his sentence and that noone could accurately predict his sentence. Rule 11 Hearing Tr. pp. 6-7. Petitioner also was advised of his maximum (life imprisonment) and minimum sentences. Id. pp. 11-12.

Petitioner additionally provided conflicting testimony regarding his motivation to plead guilty. Specifically, contrary to his naked assertion that his attorney's alleged inaccurate information regarding his sentence and sentencing enhancements was the primary factor that coerced him into pleading guilty, petitioner stated that he plead guilty "because of the pressure his family members had brought to bear upon him." (DE # 87, p. 12.). The court agrees with the magistrate judge's determination that petitioner's contradictory statements render his allegations of coercion incredible. Based upon the foregoing, the court finds that petitioner has not demonstrated that he received ineffective assistance of counsel. Thus, this claim is foreclosed by petitioner's guilty plea, and the court ADOPTS the findings and recommendations of the magistrate judge in full.

D.     Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of

8

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the court DENIES petitioner's motion to supplement (DE # 107), motion to amend (DE # 111), and motion to compel (DE # 109). The court DENIES as moot respondent's motion to strike (DE # 102). The court ADOPTS as its own the magistrate judge's recommendation on the merits (DE # 97); thus respondent's motion to dismiss (DE # 84) is GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 81) is DISMISSED. The court also DENIES the certificate of appealability. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 26th day of December, 2012.

LOUISE W. FLANAGAN
United States District Judge

9