IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:08-CR-4-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| THERON JERMAINE THOMPSON, | ) | |
| Defendant | ) | |

This matter is before the court on defendant's motion to amend presentence investigation report, pursuant to Federal Rule of Criminal Procedure 36. (DE 153). Defendant asserts that his presentence report, filed in 2008, incorrectly lists count one of the indictment as a class A felony and counts two, three, and five, as class B felonies, in light of the Fair Sentencing Act of 2010. In addition, he notes that his base offense level has been reduced to 34 as a result of retroactive amendments to the guidelines.

Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report. See Fed. R. Crim. P. 36. Rather, pursuant to Federal Rule of Criminal Procedure 32, any challenges to a presentence report should be filed within 14 days of receiving the document. See United States v. Wilkes, 376 F. App'x 295, 296 (4th Cir. 2010) (citing Fed. R. Crim. P. 32(f)). Over eight years have passed since the United States Probation Office made defendant's presentence report available. To the extent defendant seeks to correct the presentence report pursuant to Rule 32, his motion is therefore denied as untimely.

To the extent defendant's motion attacks the court's judgment of conviction or sentence in this matter, the court must construe his motion as a petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). The court previously entered judgment on December 26, 2012, dismissing a § 2255 motion filed by defendant. (DE 113). Consequently, this motion constitutes a successive § 2255 petition, which may not be brought prior to receiving certification from the United States Court of Appeals for the Fourth Circuit that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see Winestock, 340 F.3d at 205. Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. Id. Accordingly, defendant's motion, construed as a § 2255 petition, must be dismissed.

Further, to the extent defendant seeks to challenge the execution of his sentence by the United States Bureau of Prisons, defendant must file an appropriate motion under 28 U.S.C. § 2241, after exhaustion of administrative remedies. A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Woodford v. Ngo, 548 U.S. 81, 88–89 (2006); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam). Accordingly, in this part, defendant's motion also must be dismissed.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES defendant's motion to correct his PSR (DE 153). To the extent defendant seeks to vacate, set aside, or correct his sentence, it is DISMISSED as a second or successive § 2255 motion. To the extent defendant challenges the execution of his sentence, the motion is DISMISSED for failure to exhaust administrative remedies. A certificate of appealability is DENIED.

SO ORDERED, this the 2nd day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge